# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-50696
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ISIDRO RIVERA-DOMINGUEZ,

Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1298-1

———

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Isidro Rivera-Dominguez appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends that the 64-month within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Rivera-Dominguez, the guidelines range was too high to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fulfill § 3553(a)'s goals because U.S. Sentencing Guideline § 2L1.2 is not empirically based and effectively double counts a criminal record. He also urges that the guidelines range overstates the seriousness of his non-violent reentry offense and fails to account for his personal history and characteristics, specifically, the fact that his prior felony convictions were committed more than 20 years earlier and his benign motive for reentering the United States.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as here, the district court imposes a sentence within a properly calculated guidelines range, we "give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Rivera-Dominguez argues that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis. As he concedes, however, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have also rejected claims that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Guidelines overstate the seriousness of illegal reentry because it is only a non-violent international-trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

No. 14-50696

After considering the § 3553(a) factors and Rivera-Dominguez's request for a downward variance, the district court concluded that a sentence within the guidelines range was sufficient, and was not greater than necessary, to satisfy the goals in § 3553(a).  Rivera-Dominguez's assertions that § 2L1.2's lack of an empirical basis, the double-counting, the non-violent nature of his offense, the remoteness of his prior convictions, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  He has therefore failed to show that his within-guidelines sentence is substantively unreasonable.  *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.